UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AISHA WRIGHT, | § § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| V. | | CIVIL ACTION NO. 4:24-cv-3364 |
| UNION PACIFIC RAILROAD COMPANY and TRANSPORTATION COMMUNICATION UNION/IAM, | | |
| *Defendants.* | | |

### ORDER

Pending before the Court is Defendant Union Pacific Railroad Company's ("Union Pacific") Motion to Dismiss (Doc. No. 16), and Defendant Transportation Communications Union/IAM's ("TCU/IAM") Motion for Judgment on the Pleadings. (Doc. No. 21). Having considered the pleading, motions, and applicable law, the Court hereby **GRANTS** Defendants' motions. (Doc. Nos. 16, 21).

### I.   Background

Plaintiff Aisha Wright ("Plaintiff" or "Wright"), proceeding *pro se*, brought this employment suit against Defendants. Plaintiff alleges that she was employed by Union Pacific in a clerical position until she was "demoted" to a manual labor position in March of 2016. (Doc. No. 1 at 5). Plaintiff then filed a complaint with TCU/IAM. (*Id.*). She was later terminated in July of 2018. (*Id.*). Wright alleges that her termination, in addition to the denial of pension, was in retaliation of her filing a complaint. (*Id.*). It appears that Plaintiff seeks to bring a class action suit against Defendants "for relief and damages related to the adverse actions taken towards individuals who file complaints and receive retaliatory measures resulting in disparate of impact." (*Id.*). She

contends that individual employees face "continued discriminatory practices," including wrongful termination, retaliation, FMLA discrimination, and disability discrimination. (*Id.*).

Defendants brought separate motions to dismiss based on identical grounds. Defendants contend that Plaintiff's claims are not only barred by the statute of limitations, but also barred by *res judicata*.

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual

allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 544-545 (5th Cir. 2010). Thus, the Court will use the same standard to address each Defendants' respective motion to dismiss.

### III. Analysis

As noted above, Defendants argue that this suit must be dismissed because Plaintiff's claims are barred—both by the statute of limitations and *res judicata*.

Each of Plaintiff's claims is barred by the applicable statute of limitations. Based on the pleaded facts, Plaintiff may be bringing claims for alleged violations of Title VII of the Civil Rights Act of 1964, the Family Medical Leave Act ("FMLA"), and the Americans with Disabilities Act (the "ADA").

The FMLA carries a two-year statute of limitations for ordinary violations, 29 U.S.C. § 2617(c)(1), and a three year statute of limitations for willful violations. 29 U.S.C. § 2617(c)(2). Claims under Title VII are subject to an administrative process requiring that the claimant first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of an alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Upon obtaining a right to sue letter from the EEOC, a plaintiff then has ninety days to file a Title VII claim in district court. Title I of the Americans with Disabilities Act ("ADA") incorporates by reference the remedial provisions and administrative process of Title VII of the Civil Rights Act of 1964. 42 USCA § 12117(a).

Plaintiff's most recent event alleged as the basis of this suit—her termination from Union Pacific—occurred in 2018. Thus, at the latest, Plaintiff's cause of action accrued seven years ago. No applicable statute of limitations is longer than three years. As such, each of Plaintiff's claims is barred by the applicable statute of limitations. Defendants' motions to dismiss must be granted on this basis alone. Thus, the Court need not reach Defendants' *res judicata* contentions.

### IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** Union Pacific's Motion to Dismiss (Doc. No. 16), and TCU/IAM's Motion for Judgment on the Pleadings (Doc. No. 21). Since this Order dismisses all claims against all parties, this Order constitutes a final, appealable judgment.

Signed at Houston, Texas, this 20th day of May, 2025.

Andrew S. Hanen
United States District Judge