Case 4:24-cv-03364   Document 34   Filed on 12/23/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
December 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AISHA WRIGHT, | § § § | |
| *Plaintiff,* | § | |
| VS. | § § | CIVIL ACTION NO. 4:24-CV-03364 |
| UNION PACIFIC RAILROAD, *et al.,* | § § § § | |
| *Defendants.* | § § § | |

## ORDER

Pending before this Court is Plaintiff Aisha Wright's ("Plaintiff") Motion for Reconsideration (Doc. No. 33) of the Court's Order dismissing the action because her claims were barred by the statute of limitations (Doc. No. 32). Defendants Union Pacific Railroad and Transportation Communication Union (collectively, "Defendants") did not respond.

Rule 59(e) motions call into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit has repeatedly held that Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

In her Motion for Reconsideration, Plaintiff argues that she did not have adequate time to respond to Defendants' Motion to Dismiss (Doc. No. 18) and Motion for Judgment on the Pleadings (Doc. No. 21) and that her "class action . . . did not include all of the Plaintiffs and dates

which would be within the statute of limitation[s]." (Doc. No. 32). As stated above, the Fifth Circuit has repeatedly held that motions for reconsideration are not the appropriate avenue to plead additional facts that could have been raised in response to the Defendants' motions. *Templet*, 367 F.3d at 479. As stated in the Court's previous Order (Doc. No. 32), Plaintiff was terminated from her position at Union Pacific in 2018. Even at the very latest, the statute of limitations for the Plaintiff's purported causes of action have long passed. (*Id.*). While she now claims that she did not include all the relevant dates and putative plaintiffs into her lawsuit, she offered no evidence or reference to evidence of any actions that may fall within the statute of limitations for any of her claims. Thus, she did not present any "newly discovered evidence" to the Court that may alter the existing analysis in the Court's Order (Doc. No. 32).

After considering the pleadings and relevant legal standards, the Court denies Plaintiff's Motion for Reconsideration (Doc. No. 33).

It is so ordered.

Signed on this the 23rd day of December 2025.

Andrew S. Hanen
United States District Judge